UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jeremy Grove and Amanda Grove,  )<br>      Plaintiffs )<br>        )<br>v.       )<br>         )<br>Manchester Tank & Equipment Co., )<br>      Defendant )<br>K. A. Berquist Inc.,   )<br>      Defendant )<br>    Third Party Plaintiff )<br>    Counter Defendant )<br>        )<br>v.       )<br>         )<br>Hicksgas-Pekin, Inc.   )<br>   Third Party Defendant )<br>   Counter Claimant ) | Case No. 07-1263 |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the motion (#75) by Defendant K. A. Berquist to dismiss the Second Amended Complaint filed by Plaintiffs. Also before the Court is the motion by Berquist for leave to file a reply brief (#79).

In the motion for leave to file, Berquist asserts that the motion should be considered a summary judgment motion, because both the movant and the responding parties ask the court to consider matters other than the complaint. Fed.R.Civ.P. 12(d) provides that if matters outside the pleadings are presented in a motion to dismiss, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the

material that is pertinent to the motion." It is not clear to the Court why Berquist did not originally designate its motion as one for summary judgment in the first instance. Nonetheless, because fact discovery has been completed and none of the "outside matters" relate to ongoing expert discovery, the motion should indeed be and hereby is deemed a summary judgment motion under Fed.R.Civ.P. 56.

The Court has reviewed the Motion and the memorandum in support, as well as the two responses to the motion. The motion, although entitled "Motion to Dismiss", is actually in the format required for summary judgment motions under this Court's Local Rule 7.1D. The responses, however, are not in the proper format, in that they lack specific responses to the Undisputed Facts set forth in the Motion. The responding parties are therefore given 21 days within which to file amended Responses to the newly-designated motion for summary judgment.

Berquist's motion for leave to file a reply is denied as moot. The filing of a reply is governed by Local Rule 7.1D, namely, a reply is due within 14 days after each response is filed.

## CONCLUSION

The pending motion to dismiss (#75) is hereby converted to a motion for summary judgment, and ruling thereon is DEFERRED, pending the briefing ordered herein. The motion for leave to file a reply (#79) is DENIED AS MOOT.

ENTERED ON May 11, 2010

                                              s/ John A. Gorman

                                              JOHN A. GORMAN
                                        UNITED STATES MAGISTRATE JUDGE